UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEIJON COLLIER and | ) | |
| TAMIKA COLLIER | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAKOTA LIVELY and | ) | |
| MARGARET CORDELL, | ) | |
| | ) | Case No. 4:15 CV 1844 RWS |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SMITHKLINE BEECHAM | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF SEVERANCE AND TRANSFER

Plaintiffs Tamika Collier and Deijon Collier are mother and daughter. Collier alleges that she took Defendant GlaxoSmithKline LLC's prescription drug Paxil while she was pregnant with Deijon. Collier claims that, as a result of taking the drug, Deijon was born with birth defects. Plaintiffs reside in the Eastern District of Virginia. Collier received her prescription for Paxil, ingested the product, and gave birth to Deijon in the Easter District of Virginia.

Plaintiffs Margaret Cordell and Dakota Lively are mother and daughter. Cordell alleges that she took Defendant GlaxoSmithKline LLC's prescription drug

Paxil and Defendant Pfizer Inc.'s prescription drug Effexor while she was pregnant. Cordell claims that, as a result of taking these drugs, Dakota was born with birth defects. Plaintiffs currently reside in Johnson City, Tennessee. Cordell was prescribed and ingested Paxil during her pregnancy near Rome, Georgia, which is within the Norther District of Georgia. Cordell does not allege any facts indicating where she was prescribed and ingested Effexor.

Defendant GlaxoSmithKline LLC removed the case to this Court from state court. GlaxoSmithKline is incorporated in Delaware, Maryland and maintains large corporate/administrative headquarters in Pennsylvania and North Carolina. GlaxoSmithKline has moved to dismiss this case for a lack of personal jurisdiction or, in the alternative, moves to sever Plaintiffs' claims and transfer venue.

The claims of Plaintiffs Collier and Cordell should not have been joined in one action. Although they allege that they were both prescribed and ingested Paxil while pregnant, allegedly causing birth defects in their children, they took the drug at different times, in different states, prescribed by different doctors, and gave birth in different hospitals. In addition, Cordell also asserts that she took the drug Effexor during her pregnancy and brings separate claims against the manufacturer of that drug.

Moreover, none of the claims in this case are related to the activities of

Defendants in Missouri. Based on the facts of asserted in the complaint, this Court lacks personal jurisdiction over GlaxoSmithKline. However, I find that justice would best be served by severing Plaintiffs' claims and transferring the cases rather than dismissing them.

> Section 1404(a) governs the ability of a federal district court to transfer a case to another district. This provision reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1994). The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Id.

Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir.1997).

Under 28 U.S.C. § 1391(b) a civil action may be brought in 1) a judicial district where any defendant resides, if all of the defendants reside in the same State; 2) a judicial district where a substantial part of the events giving rise to the claim occurred; or 3) a judicial district in which the defendant is subject to personal jurisdiction if there is no district in which the action may otherwise be brought. In the present case, venue is proper under § 1391(b)(2) for Plaintiffs Tamika Collier and Deijon Collier in the United States District Court for the Eastern District of Virginia. Venue is proper for Plaintiffs Margaret Cordell and

Dakota Lively in the United States District Court for the Northern District of Georgia.

Accordingly,

**IT IS HEREBY ORDERED** that GalaxoSmithKline LLC's motion to dismiss [9] is **DENIED** and its motion to sever and transfer [9] is **GRANTED**.

**IT IS FURTHER ORDERED that** the claims of Plaintiffs Tamika Collier and Deijon Collier are severed from those of Plaintiffs Margaret Cordell and Dakota Lively.

**IT IS FURTHER ORDERED that** the Clerk of Court shall transfer Plaintiffs Tamika Collier and Deijon Collier's case to the United States District Court for the Eastern District of Virginia and Plaintiffs Margaret Cordell and shall transfer Dakota Lively's case to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1404(a).

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2016.